PROB 12C
(7/93)

Report Date: April 16, 2014

## United States District Court

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

APR 17 2014

for the

### Eastern District of Washington

SEAN F. McAVOY, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Varsel Michael Jarnagin          Case Number: 2:05CR00126-RHW-21

Address of Offender: ███████████████████████████████

Name of Sentencing Judicial Officer:  The Honorable Robert H. Whaley, Senior U.S. District Judge

Date of Original Sentence: November 16, 2006

| | |
|---|---|
| Original Offense: | Conspiracy to Distribute 5 Kilograms or More of a Mixture or Substance Containing a Detectable Amount of Cocaine and 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, 21 U.S.C. §§ 846 and 841(a)(1) |
| Original Sentence: | Prison - 96 months<br>TSR - 60 months           Type of Supervision: Term of Supervised Release |
| Asst. U.S. Attorney: | Caitlin Baunsgard           Date Supervision Commenced: November 16, 2011 |
| Defense Attorney: | Federal Defender's Office           Date Supervision Expires: May 15, 2014 |

### PETITIONING THE COURT

**To issue a summons.**

The probation officer believes the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Mandatory Condition # 2**: The defendant shall not commit another federal, state, or local crime.<br><br>**Supporting Evidence**: On April 13, 2014, Mr. Jarnagin was arrested for domestic battery in the presence of a minor, a misdemeanor, in Coeur d'Alene, Idaho. On April 14, 2014, Mr. Jarnagin made an initial appearance before the First District Court in Coeur d'Alene, Idaho, in relation to the aforementioned matter. Mr. Jarnagin was subsequently released pending trial.<br><br>According to the incident report, on April 13, 2014, a Coeur d'Alene police officer responded to a domestic violence report that had just occurred. Upon arrival, the officer contacted a group of people standing in front of an apartment complex. The officer spoke with the alleged victim's 11-year-old son. The boy advised he was at a family member's home for a birthday party and left the party in a vehicle driven by Mr. Jarnagin, and his mother was in the passenger seat. While driving home, Mr. Jarnagin turned the music up very loud and the alleged victim turned it down. After turning the volume of the music up |

Prob12C
## Re: Jarnagin, Varsel Michael
April 16, 2014
Page 2

and down a few more times, Mr. Jarnagin allegedly struck the victim in the face. Mr. Jarnagin also allegedly used his right arm to hit the victim in the face and left arm repeatedly. The alleged victim's son advised, while the alleged assault was occurring, the vehicle was swerving all over the road. The son sent text messages to a family member saying he needed help because his mother was hurt, then he deleted the messages so Mr. Jarnagin would not know. Upon arriving home, the alleged victim and her son got out of the vehicle and Mr. Jarnagin left. The alleged victim was upset with her son for calling for help. The alleged victim's son also advised he saw blood on his mother's upper lip and teeth, but she washed it away with water. Both Mr. Jarnagin and the alleged victim had been consuming alcohol that day.

Another witness at the scene confirmed she was at the party and went to the apartment complex after a family member received text messages from the alleged victim's son. The text messages said "help me he just hit my mom four times and my mom is hurt."

While interviewing witnesses, the officer could hear the alleged victim yelling and pounding on things in the apartment above. The officer contacted the alleged victim, who appeared to have just gotten out of the shower and was wearing a bath robe. She was angry and upset, saying she did not want law enforcement intervention and advised she did not need medical treatment. The alleged victim refused to tell the officer what happened. The officer observed a slight darkness around the bottom of her left eye, but was unable to clearly see any injuries due to lighting and because the victim was standing back away from him. She told the officer she felt safe at that time.

Another responding officer also interviewed witnesses. That officer could overhear a person speaking to Mr. Jarnagin on the telephone. The volume on the telephone was loud enough the officer heard the conversation. Mr. Jarnagin admitted to the relative that he struck the victim, but claimed he was defending himself.

After speaking to the alleged victim, the initial responding officer continued to interview witnesses. As the officer was interviewing those witnesses, he could also hear a male speaking to Mr. Jarnagin on the telephone. That person was trying to convince Mr. Jarnagin to speak with the police. The phone call eventually ended, and the relative advised Mr. Jarnagin was nearby watching them. He then pointed out Mr. Jarnagin's truck driving by. The vehicle then turned into a church parking lot where the officer was able to speak with Mr. Jarnagin.

Upon contacting Mr. Jarnagin, the officer verbally identified himself. Mr. Jarnagin did not provide any details about the alleged incident when asked by the officer. Mr. Jarnagin told the officer he was not injured and did not have any visible injuries. Based on the details provided by the alleged victim's son and other witnesses seeing injures on the alleged victim, Mr. Jarnagin was taken into custody for battery in the presence of a child.

The officer then re-contacted the alleged victim and advised that Mr. Jarnagin was taken into custody. She repeatedly told the officer that she did not want to press charges. The alleged victim was very angry and said she would spend her rent money to bond him out. At the time of this secondary contact, the alleged victim had put fresh make-up on her face, and the officer could only see faint darkening under her left eye. The alleged victim was again uncooperative and would not be photographed as a part of the investigation.

Prob12C
Re: Jarnagin, Varsel Michael
April 16, 2014
Page 3

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the offender to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 04/16/2014

s/Erik Carlson

Erik Carlson
U.S. Probation Officer

## THE COURT ORDERS

[ ] No Action
[ ] The Issuance of a Warrant
[✓] The Issuance of a Summons
[ ] Other

Signature of Judicial Officer

4/17/2014
Date